IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| KATHERINE A. FLOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-04220-CV-RED |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Katherine Floyd ("Plaintiff") seeks judicial review of the Commissioner's denial of her request for disability insurance benefits under Title II of the Social Security Act, , 42 U.S.C. §§ 410 *et seq.*, as amended and the denial of her request for supplemental security income benefits based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381, et seq. Plaintiff has exhausted all of her administrative remedies, and therefore, pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Commissioner.[1]

## I. Background

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated here only to the extent necessary. Additionally, the Administrative Law Judge's ("ALJ") decision within the administrative record fully sets forth his findings and such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is

comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Plaintiff argues that the ALJ erred in determining that Plaintiff had the residual functional capacity to return to her past work and erred in relying upon a vocational expert's testimony from a prior hearing.

A. *The ALJ's Finding the Plaintiff had the residual functional capacity to return to her past work.*

A residual functional capacity is "the most [a claimant] can do despite [his] limitations." 20 C.F.R. § 404.1545. Plaintiff's "'residual functional capacity is a medical question.'" *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001) (quoting *Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000)). However, the ALJ must determine a claimant's RFC based on the totality of all relevant evidence, including medical records, third-party observations, the claimant's own descriptions of her limitations, and the credibility of the claimant. *Fredrickson v. Barnhart*, 359 F.3d 972, 976 (8th Cir.

-3-

2004); *Pearsall v. Massanari*, 274 F.3d 1211, 1217-18 (2001); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The RFC determination is a medical question, and there must be some medical evidence to support the determination of the claimant's RFC. *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 1995); *Singh v. Apfel*, 222 F.3d 448 (8th Cir. 2000).

Prior to determining that a claimant can return to her past relevant work, the ALJ must first "specifically set forth the claimant's limitations, both physical and mental, and determine how those limitations affect the claimant's residual functional capacity." *Groeper v. Sullivan*, 932 F.2d 1234, 1238 (8th Cir. 1991). The ALJ has an "obligation to '*fully* investigate and make *explicit* findings as to the physical and mental demands of a claimant's past relevant work and to compare that with what the claimant herself is capable of doing before he determines that she is able to perform her past relevant work.'" *Groeper v. Sullivan*, 932 F.2d 1234, 1238 (8th Cir. 1991) (quoting *Nimick v. Sec'y of Health and Human Servs.*, 887 F.2d 864, 866 (8th Cir. 1989)(emphasis in *Nimick*)). The ALJ's decision must be based on more than conclusory statements. *See Groeper*, 932 F.2d at 1234. The adjudicator should make a function-by-function assessment of the individual's limitations to ensure that a correct exertional category is used and to ensure that the ALJ compares the claimant's current functioning only against the level required to do past relevant work as he actually performed it. *See* Social Security Ruling 96-8p.

In this case, Plaintiff argues that the ALJ failed to take into account Plaintiff's depression, peripheral vascular disease, and use of a nebulizer for asthma when formulating Plaintiff's RFC. Just the opposite is true. The ALJ detailed Plaintiff's various medical complaints, even specifically listing those which were the alleged causes of her disability in the Disability Report completed by Plaintiff. (Tr. 15-18) The ALJ examined Plaintiff's credibility, noting that Plaintiff's complaints

were not supported by the medical evidence and that Plaintiff had consistently failed to follow the recommendations of her treating physicians. The ALJ did take into account the nebulizer use/asthma, Plaintiff's complaints of peripheral vascular disease, and depression, however he found these complaints to be less than credible due to the medical evidence and formulated his RFC accordingly.

For example, Plaintiff claimed she had depression which contributed to her alleged disabled condition. However, she had not sought care for depression nor had she been diagnosed with depression. Plaintiff was prescribed drugs such as Prozac and Xanax, which are commonly used to treat depression, however the record shows these were prescribed to Plaintiff to lower anxiety and help her quit smoking. (Tr. 148) Moreover, as to the nebulizer use/asthma, the medical evidence showed that Plaintiff's need to use the nebulizer was less frequent than she claimed. As to the peripheral vascular disease, a recent Doppler test showed "no signs" of this disease. (Tr. 242) Taking into account the credibility of the Plaintiff as found by the ALJ, substantial evidence supports the RFC.

*B. The ALJ's reliance on vocational expert testimony from a prior hearing.*

In determining the Plaintiff's RFC, the ALJ referred to Arthur Smith, Ph.D., who had appeared and testified as a vocational expert at a previous hearing concerning Plaintiff. The ALJ mentioned that the past relevant work of the Plaintiff was light and unskilled to light and semiskilled. The ALJ next found that the claimant was able to return to those jobs given the RFC he had previously determined. It is clear that the vocational expert was mentioned during step four of the process, where the claimant retains the burden of proving she cannot perform her prior work. Plaintiff did not meet her burden, and thus the burden never shifted to the Commissioner, making

-5-

a vocation expert necessary. *See Roe v. Chatter*, 92 F.3d 672, 675 (8th Cir. 1996) (finding that prima facie case must be made that Plaintiff can return to past work for vocational expert testimony to be necessary), *see also Lewis v. Barnhart,* 353 F.3d 602, 648 (8th Cir. 2003) (holding that vocational expert testimony is not required where plaintiff still retains her burden to prove she can not perform prior work.)  Although Plaintiff argues vocational expert testimony was necessary because of her non-exertional impairments, the ALJ had found that she could still perform past relevant work despite any impairments that may exist.  Thus, there was no error in the ALJ's reference to the previous testimony by the vocational expert.  Moreover, there was no due process violation as Plaintiff and former counsel were available at the hearing with the vocational expert when he first testified.

## IV. Conclusion

Upon a review of the record, the Court finds that substantial evidence supports the ALJ's RFC determination, that the ALJ had sufficient evidence to show that Plaintiff could return to her past relevant work, and that the decision as a whole is supported by substantial evidence. Accordingly, it is hereby

ORDERED that the decision of the ALJ is **AFFIRMED.**

DATE:   August 18, 2005   */s/ Richard E. Dorr*
   RICHARD E. DORR, JUDGE
   UNITED STATES DISTRICT COURT